**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Percy Squire,

    Appellant,

    v.                                     Case No. 1:08cv495

D.B. Zwirn Special                       Judge Michael R. Barrett
Opportunities Fund L.P.,

    Appellee.

**ORDER**

This matter is before the Court upon Appellant's Notice of Appeal. (Doc. 1) Before the Court are the Briefs of Appellant and Appellee (Docs. 12, 13) and Appellant's Reply (Doc. 17)

Appellant Percy Squire appeals the April 24, 2008 Order of the United States Bankruptcy Court of the Southern District of Ohio which ruled that Squire lacks standing to pursue his counterclaim against Appellant D.B. Zwirn ("DBZ").

**I.    BACKGROUND**

This adversary proceeding arises out of the Chapter 11 bankruptcy voluntarily filed by Squire on July 1, 2005. At the request of the United States Trustee, Squire's case was converted to Chapter 7 bankruptcy on May 8, 2006. In the adversary proceeding, DBZ seeks to deny Squire a discharge of his debts pursuant to § 727(a) of the Bankruptcy Code. Squire filed a two-count counterclaim against DBZ for (1) allegedly breaching the implied covenant of good faith and fair dealing in connection with a loan agreement between DBZ and certain companies owned directly and indirectly by Squire; and (2)

alleged violations of the Racketeer Influenced and Corrupt Organization Act ("RICO").

The Bankruptcy Court dismissed Squire's counterclaims for lack of standing, explaining that the claims arose pre-petition, are part of the estate, and can only be prosecuted by Squire's chapter 7 trustee. The Bankruptcy Court relied upon this Court's decision in *Squire v. Scher*, No. 1:06cv112 (S.D. Ohio Sept. 12, 2006), *aff'd*, *In re Squire*, Nos. 06-4292; 06-4508; 06-4599, 2008 WL 2497706 (6th Cir. June 23, 2008) (unpublished), wherein this Court held the Squire lacked standing to bring an appeal of the bankruptcy's sale order.

## II.  ANALYSIS

Parties in a bankruptcy action may appeal a final order as a matter of right. 28 U.S.C. § 158(a)(1). The parties do not dispute that the Bankruptcy Court's decision was a final order.

A district court reviews the bankruptcy court's conclusions of law *de novo* and upholds its findings of fact unless they are clearly erroneous. *In re 255 Park Plaza Assoc. Ltd. P'ship*., 100 F.3d 1214, 1216 (6th Cir. 1996).

In granting the Motion to Dismiss, the Bankruptcy Court stated that "[a] review of the allegations in defendant's Amended Counterclaim reveals that the allegations all relate to events which occurred pre-petition. It follows, then, that such claims belong to the estate." Squire argues that certain allegations in the Amended Counterclaim concern post-petition conduct by DBZ. Specifically, Squire points to: (1) When DBZ bid on assets during the auction conducted in the underlying bankruptcy, it falsely claimed that it was in compliance with all FCC ownership; (2) DBZ published defamatory and knowingly misleading information concerning borrowers in order to deceive courts (including the bankruptcy court

here) into invoking precipitous creditor remedies in its favor; (3) and DBZ has engaged in conduct violates both the implied covenants of good faith and fair dealing and the premature change of control provisions of the Federal Communication Act of 1934.

This Court has reviewed these allegations in the Amended Counterclaim and notes that these allegations concern events which pre-dated the filing of the petition, occurred during the pendency of the bankruptcy proceeding, or for which Squire has not alleged dates. Under the Bankruptcy Code, "[t]he commencement of a [bankruptcy proceeding] creates a [bankruptcy] estate." 11 U.S.C. § 541(a)(1). The trustee of the bankruptcy estate is the representative of the estate and has sole capacity to sue and be sued on behalf of the estate. 11 U.S.C. § 323(a)-(b). Therefore, "the right to pursue causes of action formerly belonging to the debtor – a form of property 'under the Bankruptcy Code' – vests in the trustee for the benefit of the estate." *Bauer v. Commerce Union Bank, Clarksville, Tennessee*, 859 F.2d 438, 441 (6th Cir.1988), *quoting Jefferson v. Mississippi Gulf Coast YMCA*, 73 B.R. 179, 181-82 (S.D.Miss. 1986). Therefore, as the Sixth Circuit found in *In re Squire*, 2008 WL 2497706, Squire does not have standing to bring the claims in the Amended Counterclaim.[1]

Squire also makes a number of arguments which address whether the Amended Counterclaim fails to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). However, the Bankruptcy Court's decision was not based on a failure to state a claim, but

---

[1]Squire argues that this decision is inapplicable because the issue was whether Squire had standing to appeal the bankruptcy court's order. While the procedural posture may have been somewhat different, the Sixth Circuit relied upon 11 U.S.C. § 323 to find that "only the Trustee has the capacity to represent the estate and to sue and be sued." 2008 WL 2497706, *2.

rather a lack of standing. Therefore, this Court will not address those arguments.

III. **CONCLUSION**

Based on the foregoing, the Court hereby **ORDERS** as follows:

1. The Bankruptcy Court opinion regarding DBZ's Motion to Dismiss is **AFFIRMED**; and

2. This matter is **REMANDED** to the Bankruptcy Court for further proceedings.

**IT IS SO ORDERED.**

                                        */s/ Michael R. Barrett*
                                       Michael R. Barrett, Judge
                                       United States District Court